## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. : 10-22078-CIV-MORENO

**SECURITIES AND EXCHANGE COMMISSION,**

      **Plaintiff,**

**v.**

**ESTATE OF KENNETH WAYNE MCLEOD,**
**F&S ASSET MANAGEMENT GROUP, INC. and**
**FEDERAL EMPLOYEE BENEFITS GROUP, INC.,**

      **Defendants.**

_____

### ORDER OF PRELIMINARY INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS F&S ASSET MANAGEMENT GROUP, INC. AND FEDERAL EMPLOYEE BENEFITS GROUP, INC.

Defendants F&S Asset Management Group, Inc. ("FSAMG") and Federal Employee Benefits Group, Inc. ("FEBG") by the Consent annexed hereto, without admitting or denying any of the allegations in the Complaint filed by the Securities and Exchange Commission ("Commission"), except that they admit the allegations as to the jurisdiction of this Court over them and over the subject matter of this action, have agreed to the entry of this Order of Preliminary Injunction and Other Relief ("Preliminary Injunction"). This Court, having accepted such Consent and having jurisdiction over Defendants FSAMG and FEBG and the subject matter of this action, and being fully advised in the premises, orders as follows:

### I.

### PRELIMINARY INJUNCTION

**IT IS HEREBY ORDERED** that, pending further Order of this Court, Defendants FSAMG and FEBG, their directors, officers, agents, escrow agents, trustees, servants, employees, attorneys, accountants and any person in active concert or participation with them, and each of them, are hereby restrained and enjoined from:

## Section 17(a)(1) of the Securities Act of 1933

Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a) of the Securities Act, 15 U.S.C. 77q(a)(1);

## Section 17(a)(2) & (3) of the Securities Act of 1933

Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) & (3); and

## Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities knowingly or recklessly:  (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such

securities in violation of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and

Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

### Sections 206(1) and 206(2) of the Investment Advisers Act of 1940

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending further Order of this Court,

FSAMG, and its directors, officers, agents, servants, employees, attorneys, and those persons in

active concert or participation with them, and each of them, are hereby restrained and enjoined

from, directly or indirectly, by use of any means or instrumentality of interstate commerce or of

the mails, or of any facility of any national securities exchange, in connection with the purchase

or sale of any securities knowingly or recklessly:  (i) employing devices, schemes or artifices to

defraud; (ii) making untrue statements of material facts and omitting to state material facts

necessary in order to make the statements made, in light of the circumstances under which they

were made, not misleading; or (iii) engaging in acts, practices and courses of business which

have operated, are now operating or will operate as a fraud upon the purchasers of such

securities in violation of Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1)

and (2).

### II.

### ASSET FREEZE

**IT IS HEREBY FURTHER ORDERED** that pending further Order of this Court,

Defendants FSAMG and FEBG, their directors, officers, agents, servants, employees, attorneys,

depositories, banks, and those persons in active concert or participation with any one or more of

them, and each of them, who receive notice of this order by personal service, mail, facsimile

transmission or otherwise be and hereby are, restrained from, directly or indirectly, transferring,

setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing

of, or withdrawing any assets or property owned by, controlled by, held for the benefit of FEBG, or FSAMG, or in the possession of, including, but not limited to, cash, free credit balances, fully paid for securities, and/or property pledged or hypothecated as collateral for loans.  The asset freeze shall not apply to the Court-appointed Receiver over FEBG and FSAMG as long as those entities are under the administration and control of the Receiver.

### III.

### RECORDS PRESERVATION

**IT IS HEREBY FURTHER ORDERED** that until pending further Order of this Court, Defendants FSAMG and FEBG, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to the Defendants wherever located.

### IV.

### RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction over this matter and Defendants FSAMG and FEBG in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances. The Consent by FSAMG and FEBG to the entry of a preliminary injunction is without prejudice to their right to apply to the Court for relief, in whole or

in part, from this Order, nor shall this Order preclude the Commission or the Receiver from opposing any such application.

**DONE AND ORDERED** in Chambers in _____, Florida, this _____ day of July, 2010.

_____

**FEDERICO A. MORENO**
**CHIEF UNITED STATES DISTRICT JUDGE**

Copy to:

All counsel of Record
Receiver Michael Goldberg